UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DRUMMOND AMERICAN LLC, et al., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    NO. 3:08cv1665 (MRK) |
| | : |
| SHARE CORPORATION, | : |
| MARTHA MAHONEY | : |
| | : |
| Defendants. | : |

**RULING AND ORDER**

Presently pending before the Court are Plaintiff's Motion *In Limine* [doc. # 96] and Defendants' Motion *In Limine* [doc. # 98]. Both parties seek to exclude certain categories of evidence at trial on the grounds that they are irrelevant and more prejudicial than probative. For the reasons that follow, Plaintiff's Motion *In Limine* [doc. # 96] is GRANTED in part and DENIED in part, and Defendants' Motion *In Limine* [doc. # 98] is GRANTED in part and DENIED in part.

The Court assumes the parties' familiarity with the facts and procedural history of this litigation. After this Court's Memorandum of Decision [doc. # 93] on summary judgment, in which the Court found that Defendant Martha Mahoney breached a covenant not to compete in a written employment agreement (the "Agreement") with Plaintiff Drummond American LLC ("Drummond"), the issues remaining to be tried are: (1) the amount of damages for that breach; (2) claims of misappropriation of trade secrets against Ms. Mahoney and Defendant Share Corporation ("Share") in violation of the Connecticut Uniform Trade Secrets Act (CUTSA), Conn. Gen. Stat. § 35-51 *et seq.*; (3) a claim of tortious interference with contract against Share; (4) claims of tortious

1

interference with economic advantage against Ms. Mahoney and Share; and (5) claims of unfair competition by Ms. Mahoney and Share in violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110 *et seq*. The evidentiary rulings issued today are intended to ensure that the parties focus on the actual claims in dispute, and that the evidence offered by both parties conforms with the Federal Rules of Evidence, specifically the relevance standards of Rules 401 and 402, and the requirement in Rule 403 that the probative value of the evidence not be substantially outweighed by unfair prejudice.

Judge Weinstein has wisely cautioned that "the determination of relevance is not automatic or mechanical. Courts cannot employ a precise, technical, legalistic test for relevance; instead they must apply logical standards applicable in every day life." 2 Weinstein's Federal Evidence § 401.04[1], at 401-14 (2d ed. 2007). Assessing the probative worth of any particular piece of evidence is a matter of analysis, reasoning, and judgment. As Rule 401 itself acknowledges, evidence that would tend to alter the probable existence or non-existence of a consequential fact or a proposition to be proved is relevant evidence. *See* Fed. R. Evid. 401. As the Supreme Court noted in *Huddleston v. United States*, 485 U.S. 681 (1988), "'Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.'" *Id*. at 689 (quoting Advisory Committee's Notes on Rule 401). Under Rule 402, all evidence that is relevant is admissible. *See United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990).

That evidence is relevant and admissible, however, does not mean that a court should admit it if the probative value of the evidence is substantially outweighed by other concerns, such as unfair prejudice, undue delay, or waste of time. *See* Fed. R. Evid. 403. Mere prejudice, of course, is not

2

sufficient to exclude relevant evidence, since all inculpatory evidence is, by definition, prejudicial. To be excludable under Rule 403, the prejudice must be "unfair," in the sense that the evidence has some "adverse effect beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (quotation marks and alteration omitted); *see also United States v. Kaplan*, 490 F.3d 110, 122 (2d Cir. 2007); *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). "To avoid acting arbitrarily, the district court must make a 'conscientious assessment' of whether unfair prejudice substantially outweighs probative value." *United States v. Salameh*, 152 F.3d 88, 110 (2d Cir. 1998). With these principles in mind, the Court's resolution of each issue follows.

Plaintiff's Motion *In Limine*

Drummond seeks to exclude fifteen categories of evidence: (1) Ms. Mahoney's reasons for terminating her association with Drummond; (2) Defendants' allegations of Ms. Mahoney's purported constructive discharge by Drummond; (3) Defendants' allegations of Drummond's unclean hands; (4) Defendants' allegations that Drummond breached the Agreement between Ms. Mahoney and Drummond; (5) the United States Department of Justice (DOJ) investigation of Drummond, and the existence or terms of the Deferred Prosecution Agreement (DPA) between the DOJ and Drummond's parent company, Lawson Products, Inc. ("Lawson"); (6) allegations that Ms. Mahoney was trained by Drummond to sell in an illegal manner; (7) the new employment agreement developed in 2008 by Lawson for Sales Agents; (8) a purported comment by a Lawson employee allegedly named "Denny Combs"; (9) a purported statement by Drummond District Manager Stuart Mattson that Ms. Mahoney could sell to any customer that did not already have Drummond products; (10) Defendants' claim that the Agreement was modified by a course of dealing between the parties; (11) allegations

3

about Drummond's treatment of its District Managers; (12) allegations that Drummond engaged the services of independent contractors or employees in violation of its competitors' restrictive covenant agreements; (13) the relative size and resources of Drummond as compared to Defendants; (14) testimony regarding the current or past health status of any witness or his or her family members; (15) testimony and other evidence regarding Defendants' claim that their actions were justified, privileged, or excusable. *See* Mem. of Law in Support of Pl.'s Mot. *In Limine* [doc. # 97] ("Pl.'s Mem.") at 1-3.

To their credit, Defendants do not object to the exclusion of items 2, 3, 8, 11, 12, 13, and 14. *See* Defs.' Resp. to Pl.'s Mot. *In Limine* [doc. # 100] ("Defs.' Resp.") at 1. Therefore, the Court grants Plaintiff's motion as to these categories of evidence, and need only address items 1, 4, 5, 6, 7, 9, 10, and 15. Defendants argue that these remaining categories of evidence show "the mindset, knowledge[,] and intent" of the Defendants, which is relevant to Plaintiff's remaining claims and the issue of punitive damages. *See id*. at 2-3. The Court agrees with Defendants in part, and thus denies Plaintiff's motion as to items 1, 7, and 9. The Court also denies Plaintiff's motion as to items 4, 10, and 15, although the Court will issue a limiting instruction at Plaintiff's request to clarify that the Court has already found that Drummond did not breach the Agreement with Ms. Mahoney; that the Agreement was not modified by a course of dealing; and that Defendants' actions were not justified, privileged, or excusable. However, Defendants' *beliefs* as to these issues are relevant to the remaining claims. If Plaintiff would like the Court to issue a limiting instruction, it should propose such an instruction to the Court by February 5, 2010.

Finally, the Court grants Plaintiff's motion as to items 5 and 6. Evidence of the DOJ investigation and allegations that Drummond trained Ms. Mahoney to sell in an illegal manner are

4

irrelevant to this case and potentially prejudicial. In sum, the Court grants Plaintiff's motion as to items 2, 3, 5, 6, 8, 11, 12, 13, and 14, and denies Plaintiff's motion as to items 1, 4, 7, 9, 10, and 15, with the caveat that the Court will issue a limiting instruction to the jury at Plaintiff's request.

### Defendants' Motion *In Limine*

Defendants seek to exclude four categories of evidence: (1) that a contempt finding was made in this case, *see* Mem. of Decision [doc. # 93]; (2) that contempt findings were made in other related cases; (3) that Share and Drummond have been involved in previous litigation related to this case; (4) that Share has hired other Drummond agents other than Ms. Mahoney.[1] *See* Defs.' Mot. *In Limine* [doc. 98] at 2-3. Plaintiff argues that all of these matters bear on Defendants' state of mind, which is relevant to Plaintiff's tortious interference claims and the issue of punitive damages. *See* Pl.'s Mem. of Law in Opp. to Defs.' Mot. *In Limine* [doc. # 99] ("Pl.'s Resp.") at 2.

As discussed above, Defendants made the same argument in opposition to Plaintiff's motion, and the Court agreed. For the same reason, the Court denies Defendants' motion as to items 2, 3, and 4. The Court will consider any limiting instruction requested by Defendants, as long as the request is submitted to the Court by February 5, 2010. However, the Court grants Defendants' motion as to item 1, as the finding of contempt in this case is only relevant to Defendants' state of mind after this case had been initiated – in other words, such evidence is irrelevant to Defendants' state of mind during the actions underlying this litigation. The Court also believes that such evidence would be more prejudicial than probative under Rule 403.

---

[1] In addition to arguing that these categories of evidence should be excluded because they are irrelevant and more prejudicial than probative, Defendants also seem to argue that they should be barred by the doctrine of *res judicata*. *See* Defs.' Mot. *In Limine* [doc. 98] at 2-3. That argument is entirely without merit and the Court rejects it.

5

Conclusion

In sum, for the reasons discussed above, Plaintiff's Motion *In Limine* [doc. # 96] is GRANTED in part and DENIED in part. The Court grants Plaintiff's motion as to items 2, 3, 5, 6, 8, 11, 12, 13, and 14, and denies Plaintiff's motion as to items 1, 4, 7, 9, 10, and 15. Defendants' Motion *In Limine* [doc. # 98] is also GRANTED in part and DENIED in part. The Court grants Defendants' motion as to item 1, and denies Defendants' motion as to items 2, 3, and 4. The parties are directed to file any proposed limiting instructions by February 5, 2010.

IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: January 21, 2010.**